Eugene P. Ramirez (State Bar No. 134865)
 *eugene.ramirez@manningkass.com*
Kayleigh Andersen (State Bar No. 306442)
 *kayleigh.andersen@manningkass.com*
Jessica Becerra (State Bar No. 325884)
 *jessica.becerra@manningkass.com*
MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants, COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; Correctional Deputy R. TORRES; Correctional Deputy VILLALOBOS; Correctional Deputy M. ELENES; Correctional Deputy MICHEL; Correctional Deputy ROSE; Correctional Deputy SULTAN; Correctional Deputy M. ARREOLA; Correctional Deputy CASTRO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROOKE EGGER,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; CITY OF CATHEDRAL CITY; CATHEDRAL CITY POLICE DEPARTMENT; Officer MARIO VALDEZ; Correctional Deputy R. TORRES; Correctional Deputy VILLALOBOS; Correctional Deputy M. ELENES; Correctional Deputy MICHEL; Correctional Deputy ROSE; Correctional Deputy SULTAN; Correctional Deputy M. ARREOLA; Correctional Deputy CASTRO and DOES 1 through 100, inclusive,<br><br>　　　　Defendants. | Case No.: 5:24-cv-1439<br><br>(State Court Case No. CVPS2403654)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a)**<br><br>State Complaint Filed:　07/01/2024<br>Trial Date:　Not Yet Set |

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(a)**

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE that defendants COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; Correctional Deputy R. TORRES; Correctional Deputy VILLALOBOS; Correctional Deputy M. ELENES; Correctional Deputy MICHEL; Correctional Deputy ROSE; Correctional Deputy SULTAN; Correctional Deputy M. ARREOLA; Correctional Deputy CASTRO (hereinafter, "Defendants") hereby removes to this Court the state court action described below.

1. On June 3, 2022, an action was commenced in the Superior Court of the State of California in and for the County of Riverside, entitled *Brook Egger. v. County of Riverside, et al.*, as Case Number CVPS2403654 (the "Action"). Plaintiff served Defendants with the original Complaint and summons on or about July 1, 2024. A true and correct copy of the original Complaint and summons is attached hereto as Exhibit "A," as required by 28 U.S.C. § 1446.

2. As the attached record demonstrates, the action pending in the state court is a civil action within the original federal question jurisdiction of the federal district courts under 28 U.S.C. §§ 1331 and 1343, in that it arises under the Fourth Amendment and/or 42 U.S.C. § 1983 of the Federal Civil Rights Act.

4. Because the state court action is one within the federal question jurisdiction of the federal district courts, the action is removable to federal court without regard to the citizenship of the parties under 28 U.S.C. § 1441(a) and (c).

5. Removal to this District Court is proper under 28 U.S.C. § 1441(a) because the Superior Court of the State of California for the County of Riverside is geographically located within this District Court's jurisdiction.

6. Removal is timely under 28 U.S.C. § 1446(b)(2)(B) because this Notice of Removal has been filed within 30 days of the service of the Complaint stating a claim within federal jurisdiction.

7. Removal is proper under 28 U.S.C. § 1446(b)(2)(A) because all named

1  defendants who have been served have consented to the removal of this action to this
2  Court without opposition.

4  DATED:  July 11, 2024                **MANNING & KASS**
                                         **ELLROD, RAMIREZ, TRESTER LLP**

                                         By:      */s/* Eugene P. Ramirez
                                         Eugene P. Ramirez
                                         Kayleigh Andersen
                                         Jessica L. Becerra
                                         Attorneys for Defendants, COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; Correctional Deputy R. TORRES; Correctional Deputy VILLALOBOS; Correctional Deputy M. ELENES; Correctional Deputy MICHEL; Correctional Deputy ROSE; Correctional Deputy SULTAN; Correctional Deputy M. ARREOLA; Correctional Deputy CASTRO

**EXHIBIT A**

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; CITY OF CATHEDRAL CITY; CATHEDRAL CITY POLICE DEPARTMENT; Officer MARIO VALDEZ; Correctional Deputy R. TORRES; Correctional Deputy VILLALOBOS; Correctional Deputy M. ELENES; Correctional Deputy MICHEL; Correctional Deputy ROSE; Correctional Deputy SULTAN; Correctional Deputy M. ARREOLA; Correctional Deputy CASTRO and DOES 1 through 100, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
BROOKE EGGER

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO!* Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Palm Springs Courthouse
3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262

CASE NUMBER:
(Número del Caso): CVPS2403654

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Steven C. Glickman, Glickman & Glickman ALC, 15233 Ventura Blvd, Suite 400, Sherman Oaks CA 91403 Tel: (310) 273-4040

DATE: 06/03/2024
(Fecha)

Clerk, by _____, Deputy
(Secretario) (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*
    under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
           [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

Case 5:24-cv-01439 Document 1 Filed 07/11/24 Page 6 of 20 Page ID #:6

Electronically FILED by Superior Court of California, County of Riverside on 06/06/2024 02:01 PM
Case Number CVPS2403654 0000094916394 - Jason B. Galkin, Executive Officer/Clerk of the Court By Victoria Lopez, Clerk

1 | Steven C. Glickman, Esq. (SBN 105436)
Nicole E. Hoikka, Esq. (SBN 306324)
2 | GLICKMAN & GLICKMAN
A LAW CORPORATION
3 | 15233 Ventura Blvd., Suite 400
Sherman Oaks, CA 91403
4 | Tel: (310) 273-4040
Email: scg@glickman-law.com
5 | Email: neh@glickman-law.com

Attorneys for Plaintiff Brooke Egger

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE, PALM SPRINGS COURTHOUSE

| | |
|---|---|
| BROOKE EGGER,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF RIVERSIDE; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; CITY OF CATHEDRAL CITY; CATHEDRAL CITY POLICE DEPARTMENT; Officer MARIO VALDEZ; Correctional Deputy R. TORRES; Correctional Deputy VILLALOBOS; Correctional Deputy M. ELENES; Correctional Deputy MICHEL; Correctional Deputy ROSE; Correctional Deputy SULTAN; Correctional Deputy M. ARREOLA; Correctional Deputy CASTRO and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO. CVPS2403654<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **Violation of Civil Rights Under the 14th Amendment – Deliberate Indifference to Medical Care (42 U.S.C. § 1983)**<br>2. **Violation of Civil Rights Under the 14th Amendment – State-Created Danger (42 U.S.C. § 1983)**<br>3. **Violation of Civil Rights Under the 14th Amendment – Special Relationship with Detainee (42 U.S.C. § 1983)**<br>4. **Violation of Civil Rights Under the 14th Amendment – *Monell* Claim (42 U.S.C. § 1983)**<br>5. **Violation of the Bane Act (California Civil Code § 52.1)**<br>6. **Failure to Summon Immediate Medical Care (California Government Code § 845.6)**<br>7. **Negligence**<br><br>[Unlimited Jurisdiction]<br><br>**JURY TRIAL DEMANDED** |

1
**COMPLAINT FOR DAMAGES**

**I.**

**PARTIES**

1. Plaintiff BROOKE EGGER (hereinafter "Plaintiff") is and at all times mentioned in this Complaint was a resident of the County of Riverside, State of California.

2. Defendant COUNTY OF RIVERSIDE (hereinafter "County") is and at all times herein mentioned was a governmental entity organized and existing under the laws of the State of California, and assumes the liabilities for the RIVERSIDE COUNTY SHERIFF'S DEPARTMENT. Defendant COUNTY is liable under Government Code sections 815.2 and 820 for the negligent acts of the COUNTY'S employees.

3. Defendant CITY OF CATHEDRAL CITY (hereinafter "Cathedral City") is and at all times herein mentioned was a governmental entity organized and existing under the laws of the State of California, and assumes the liabilities for the CATHEDRAL CITY POLICE DEPARTMENT, and other Cathedral City entities, officials, and personnel.

4. Defendant Cathedral City Police Officer MARIO VALDEZ (#20221) at all times mentioned herein was a police officer employed by Defendant Cathedral City. Defendant VALDEZ was the police officer responsible for providing Plaintiff with medical care at the time of her arrest, and who should have directed that Plaintiff be transported to a hospital following her head-on automobile collision that left her face bloodied and bruised.

5. Defendant Correctional Deputy R. TORRES (#N6736) at all times mentioned herein was a deputy sheriff employed by Defendant County. Defendant TORRES was a booking officer at the John Benoit Detention Center, a jail operated by Defendant COUNTY (hereinafter referred to simply as the "jail"), when Plaintiff was booked into jail.

6. Defendant Correctional Deputy VILLALOBOS (#N6706) at all times mentioned herein was a deputy sheriff employed by Defendant COUNTY. Defendant VILLALOBOS was a booking officer when Plaintiff was booked into jail.

7. Defendant Correctional Deputy M. ELENES (#N6855) at all times mentioned herein was a deputy sheriff employed by Defendant COUNTY. Defendant ELENES was one of the deputies responsible for releasing Plaintiff from jail during the early morning hours of May 7,

2023.

8. Defendant Correctional Deputy MICHEL (#N8196) at all times mentioned herein was a deputy sheriff employed by Defendant COUNTY. Defendant MICHEL was one of the deputies responsible for releasing Plaintiff from jail during the early morning hours of May 7, 2023.

9. Defendant Correctional Deputy ROSE (#N5467) at all times mentioned herein was a deputy sheriff employed by Defendant COUNTY. Defendant ROSE was one of the deputies responsible for releasing Plaintiff from jail during the early morning hours of May 7, 2023.

10. Defendant Correctional Deputy SULTAN (#N4831) at all times mentioned herein was a deputy sheriff employed by Defendant COUNTY. Defendant SULTAN was one of the deputies responsible for releasing Plaintiff from jail during the early morning hours of May 7, 2023.

11. Defendant Correctional Deputy M. ARREOLA (#N6776) at all times mentioned herein was a deputy sheriff employed by Defendant COUNTY. Defendant ARREOLA was one of the deputies responsible for releasing Plaintiff from jail during the early morning hours of May 7, 2023.

12. Defendant Correctional Deputy CASTRO (#N7526) at all times mentioned herein was a deputy sheriff employed by Defendant COUNTY. Defendant CASTRO was one of the deputies responsible for releasing Plaintiff from jail during the early morning hours of May 7, 2023.

13. Defendant Deputy DOE 1, whose badge number is believed to #N7079, was at all times mentioned herein a deputy sheriff employed by Defendant COUNTY. Defendant DOE 1 was a witness to the filling out of Plaintiff's Medical History form at the jail, and is responsible in some manner for the failure to provide Plaintiff with medical treatment for her head injury/concussion.

14. The true names or capacities, whether individual, corporate, associate, or otherwise of defendants, DOES 1 through 100, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that

each of the defendants designated herein as a DOE is responsible in some manner for the events and happenings herein referred to and was a substantial factor in causing injuries and damages to Plaintiff as herein alleged.

15. Plaintiff is informed and believes and on that basis alleges that at all times herein mentioned, each of the defendants was the agent or employee of each of the remaining defendants, and in doing the things alleged in this Complaint, were acting within the course and scope of this agency and employment.

## II.

## COMPLIANCE WITH THE TORT CLAIMS ACT

16. Plaintiff incorporates by reference the allegations in paragraphs 1-15, as set forth above.

17. On May 10, 2024, this Court granted Plaintiff's Petition for Relief from Government Claim Filing Requirements as to Defendant COUNTY ("Petition"). See *Egger v. County of Riverside*, Riverside Superior Court Case No. CVPS2402055. This Complaint has been timely filed within 30 days of the Court's granting of Plaintiff's Petition. Plaintiff has thus been relieved from the government claim filing requirements as to Defendant COUNTY.

18. Defendant CATHEDRAL CITY was served with Plaintiff's government tort claim on January 22, 2024. Defendant Cathedral City did not respond or otherwise serve Plaintiff with a denial of the tort claim. This Complaint has been timely filed with respect to Defendant CATHEDRAL CITY.

## III.

## STATEMENT OF FACTS

19. Plaintiff incorporates by reference the allegations in paragraphs 1-18, as set forth above.

20. On or around May 6, 2023, Plaintiff was the driver of an automobile that was involved in a head-on collision. As a result of the collision, Plaintiff sustained a head injury and concussion, and her face was bloodied and bruised.

21. At the time of the collision, Plaintiff's blood alcohol level was above the legal

4
**COMPLAINT FOR DAMAGES**

1  limit. Following the collision, Plaintiff was arrested by Defendant Officer VALDEZ from the
2  Cathedral City Police Department. Officer VALDEZ cut his arm on the glass from the crashed car
3  and, in an apparent attempt to 'punish' Plaintiff for his arm being cut, refused to take Plaintiff to a
4  hospital. It was apparent from Plaintiff's totaled car and her injuries, including a bloodied and
5  bruised face and a head injury, that Plaintiff needed to be taken to a hospital.

6     22. Although firefighters employed by Defendant CATHEDRAL CITY evaluated
7  Plaintiff at the scene, she did not receive any medical treatment for her concussion/head injury,
8  and the firefighters likewise did not take Plaintiff to the hospital for treatment of her
9  concussion/head injury. Instead, Plaintiff was transported to a Cathedral City police station, where
10 her blood was drawn as part of a DUI investigation.

11     23. After the blood draw, Plaintiff was transported to and booked at the Riverside
12 County John Benoit Detention Center. She did not receive any medical care for her head injury or
13 concussion at the jail. She also was not transported to a hospital after being booked by jail staff.

14     24. In the early morning hours of May 7, 2023, at or around 4:00 a.m., while it was still
15 dark out, Plaintiff was released from jail by Riverside County Sheriff's Department personnel,
16 including Defendants ELENES, MICHEL, ROSE, SULTAN, ARREOLA, and CASTRO, and
17 DOES 1 through 100.

18     25. The area surrounding the jail is a high-crime, unsafe area at night. At the time of
19 her release, Plaintiff was still inebriated and concussed. Plaintiff was released without her glasses
20 and without a working mobile phone, such that she had no means of securing transportation.

21     26. Plaintiff sought help from the jail staff by knocking on the jail doors, but no one
22 came to answer the door, which was locked. Plaintiff crossed Highway 111 to look for an open
23 business, but everything was closed.

24     27. Plaintiff eventually came across a vehicle in the area with a paper Uber sign; the
25 driver purported to be an Uber driver. Plaintiff requested a ride home and the driver agreed.
26 Plaintiff got in the car. Instead of taking her home, the driver then took her to a nearby area and
27 sexually assaulted her.

28     28. As a result of this incident, Plaintiff experienced physical injuries as well as

5
**COMPLAINT FOR DAMAGES**

1  extreme mental anguish and suffering. Plaintiff suffered injuries to Plaintiff's body, nervous
2  system, and person and was caused to suffer general damages and will continue to suffer general
3  damages in excess of the jurisdictional limits of this Court, in an amount to be specified in
4  accordance with the provisions of Code of Civil Procedure Section 425.10 and Section 425.11.

5        29.    As a proximate result of the said conduct of the actions of defendants, and each of
6  them, plaintiff was required to and did employ physicians and surgeons to examine, treat, and care
7  for plaintiff, and did incur medical and incidental expenses. Plaintiff is informed and believes and
8  based thereon alleges that there will be some additional medical expense, the exact amount of
9  which is unknown. Leave of Court will be sought to amend the Complaint to set forth the correct
10 amount of medical expense at such time as it is ascertained.

11       30.    As a further proximate result of the said conduct of the defendants, and each of
12 them, plaintiff was prevented from attending to plaintiff's usual occupation for a period of time;
13 plaintiff is informed and believes and thereon alleges that plaintiff will be prevented from
14 attending to said usual occupation for a period in the future and will sustain a further loss of
15 earnings. Leave of Court will be sought to amend the Complaint to set forth the exact amount
16 when the same is ascertained.

### IV.

### FIRST CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS (14th AMENDMENT) – Deliberate Indifference to Medical Care

### 42 U.S.C. § 1983

### By Plaintiff Against All Defendants

23       31.    Plaintiff incorporates by reference the allegations in paragraphs 1-30, as set forth
24 above.

25       32.    In the pre-conviction context, the right to medical care derives from the due process
26 clause, which "imposes, at a minimum, the same duty the Eighth Amendment poses: persons in
27 custody have the established right to not have officials remain deliberately indifferent to their
28 serious medical needs," including head injuries and concussions. *See Gibson v. County of Washoe*,

1 | 290 F.3d 1175, 1187 (9th Cir. 2002).

2 |   33. A defendant is deliberately indifferent if he knows of and disregards an excessive risk to a detainee' health and safety. *Farmer v. Brennan*, 511 U.S. 825 (1970).

  34. In doing the acts and omissions described above, including failing to transport Plaintiff to a hospital or by otherwise failing to provide Plaintiff with medical evaluation or treatment/medical care for her head injury/concussion, Defendants deprived Plaintiff of her right to medical care while in the custody of Defendants CATHEDRAL CITY and COUNTY.

  35. It is apparent that Defendants should have known of the excessive risk to Plaintiff's safety if Plaintiff was not treated for a concussion/head injury after a serious car accident that left her face bloodied and totaled her car. The individual officers and deputies who interacted with Plaintiff actually knew of a risk to Plaintiff's health and safety because they knew she was in a head-on automobile collision.

  36. As a direct and proximate result of Defendants' acts and omissions as set forth above, which deprived Plaintiff of her clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to the United States Constitution, Plaintiff sustained injuries and damages as set forth in this complaint.

  37. In doing the foregoing wrongful acts, the individual Defendants, and each of them, acted in reckless and callous disregard of the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, and thus warrant an award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

  38. The conduct of Defendants entitles Plaintiff to punitive damages (as to the individual defendants only) and penalties allowable under 42 U.S.C. § 1983, as well as reasonable costs and attorneys' fees.

  / / /

  / / /

  / / /

  / / /

**V.**

**SECOND CAUSE OF ACTION**

**VIOLATION OF CIVIL RIGHTS (14th AMENDMENT) – State-Created Danger**

**42 U.S.C. § 1983**

**By Plaintiff Against All Defendants**

39. Plaintiff incorporates by reference the allegations in paragraphs 1-38, as set forth above.

40. Under the Due Process clause of the Fourteenth Amendment, an officer may be held liable for failing to protect an individual where the state has placed that individual in danger through its affirmative conduct. A person also has the constitutional right to be free from a government employee affirmatively placing that person in a situation of actual, particularized danger that is more dangerous than the position that the person already faced if the government employee acted with deliberate indifference to a known or obvious danger.

41. Here, Defendants knew and/or should have known of the obvious danger, and the excessive risk to Plaintiff's safety, of releasing Plaintiff, whom Defendants knew was inebriated and had been injured in a head-on automobile accident, from jail at night, in an unsafe and high-crime area, without glasses or a working phone, without a means of transportation, while inebriated and concussed. By doing so, Defendants placed Plaintiff in a situation of actual, particularized danger.

42. Defendants had a duty not to leave Plaintiff in a situation that was more dangerous than the one they found her in, and breached that duty first by failing to have Plaintiff properly evaluated and to administer medical aid for Plaintiff's concussion/head injury at the time of her arrest and detention, and second by releasing Plaintiff in the early hours of the morning, in the dark, without glasses, a working phone, or a means of transportation, in a dangerous and deserted area. By these acts and omissions, Defendants placed Plaintiff in a situation that was more dangerous than the one they found her in.

43. Such a "state-created danger" exception has been found under similar circumstances, i.e., where a police officer ejected a woman from a vehicle in a high-crime area

where she was subsequently raped. *See Wood v. Ostrander*, 879 F.2d 583 (9th Cir. 1989).

44. By releasing Plaintiff into the area around the jail with an untreated head injury, without glasses or a working phone, while still inebriated, Defendants placed Plaintiff in a situation more dangerous than the one they found her in. Specifically, prior to Plaintiff's arrest, she had her phone and glasses, and was in a populated area of Cathedral City during daytime hours. By taking her to jail instead of to the hospital, Defendants intensified and worsened the situation that Plaintiff was in. By then releasing Plaintiff in the dark early morning hours of May 7, 2023, instead of keeping her inside the jail until it was light out, Defendants further intensified and worsened the situation that Plaintiff was in.

45. Defendants acted with deliberate indifference towards a known danger to Plaintiff, namely, that she had not been provided medical care, was inebriated, concussed, alone, unable to see well, without a means of contacting someone for transportation.

46. By arresting, detaining, and then releasing Plaintiff without conducting a proper medical evaluation of her head injury, Defendants put Plaintiff in a more dangerous state than she was in prior to arrest. Plaintiff's condition worsened while she was held in jail without being treated for her head injury. Defendants showed that they were deliberately indifferent to Plaintiff's wellbeing when they failed to take her to the hospital, failed to medically evaluate or treat her at the jail, released her in the dark early morning hours into a dangerous area without any means of transportation, and refused to come to the locked door or respond when Plaintiff tried to get their attention by knocking on the door of the jail.

47. As a direct and proximate result of Defendants' acts and omissions as set forth above, which deprived Plaintiff of her clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to the United States Constitution, Plaintiff sustained injuries and damages as set forth in this complaint.

48. In doing the foregoing wrongful acts, the individual Defendants, and each of them, acted in reckless and callous disregard of the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, and thus warrant an award of punitive damages against each individual defendant in an amount adequate to punish the

wrongdoers and deter future misconduct.

49. The conduct of Defendants entitles Plaintiff to punitive damages (as to the individual defendants only) and penalties allowable under 42 U.S.C. § 1983, as well as reasonable costs and attorneys' fees.

## VI.

## THIRD CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (14th AMENDMENT) – Special Relationship with Detainee

## 42 U.S.C. § 1983

## By Plaintiff Against All Defendants

50. Plaintiff incorporates by reference the allegations in paragraphs 1-49, as set forth above.

51. In the alternative, an officer may also be liable for an omission "when a state takes a person into its custody and holds him there against his will," including by incarceration. *Patel v. Kent Sch. Dist.*, 648 F.3d 965 (9th Cir. 2011). Here, Defendants' actions created and intensified the risk of harm to Plaintiff, with whom Defendants had a special relationship because she was a detainee. As set forth above, Plaintiff was bloodied and bruised after the head-on collision and should have been taken to a hospital. At the jail, her condition worsened as she received no medical evaluation or treatment for her concussion/head injury. Her situation further deteriorated when Defendants released her at night into a high-crime area with no working phone or glasses.

52. As a direct and proximate result of Defendants' acts and omissions as set forth above, which deprived Plaintiff of her clearly-established and well-settled constitutional rights protected by the Fourteenth Amendment to the United States Constitution, Plaintiff sustained injuries and damages as set forth in this complaint.

53. In doing the foregoing wrongful acts, the individual Defendants, and each of them, acted in reckless and callous disregard of the constitutional rights of Plaintiff. The wrongful acts, and each of them, were willful, oppressive, fraudulent, and malicious, and thus warrant an award of punitive damages against each individual defendant in an amount adequate to punish the

wrongdoers and deter future misconduct.

54. The conduct of Defendants entitles Plaintiff to punitive damages (as to the individual defendants only) and penalties allowable under 42 U.S.C. § 1983, as well as reasonable costs and attorneys' fees.

## VII.

## FOURTH CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS (*Monell*) – 42 U.S.C. 1983

## By Plaintiff Against Defendants COUNTY and CATHEDRAL CITY

55. Plaintiff incorporates by reference the allegations in paragraphs 1-54, as set forth above.

56. Defendants COUNTY and CATHEDRAL CITY knowingly, with gross negligence, and in deliberate indifference to the Constitutional rights of Plaintiff and all citizens, maintain and permit an official policy and custom or permitting the occurrence of the types of wrongs set forth herein. These policies and customs include, but are not limited to, the deliberately indifferent training of its law enforcement officers in the evaluation and custodial control of arrestees with head injuries/concussions, and in the release of arrestees from jail under dangerous circumstances with clearly foreseeable risks of harm, including releasing concussed/intoxicated persons without glasses, a phone, or a means of transportation during the dark early morning hours into a high-crime area.

57. Defendants' failure to train their employees amounts to a deliberate indifference to the rights of persons with whom they come into contact. Upon information and belief, Defendants were on notice of crucial failures and the lack of appropriate and functional systems to ensure arrestees with head injuries were provided with medical care. Defendants lacked appropriate protocols with respect to releasing inmates and had no consideration for factors including, but not limited to, the time of day for the release.

58. The above-described policies and customs demonstrated a deliberate indifference on the part of Defendants to the constitutional rights of persons within their jurisdiction, and were the cause of the violations of Plaintiff's civil rights as alleged herein.

59. The unconstitutional actions and/or omissions of Defendants, as described above, were approved, tolerated, and/or ratified by policy-making officers for Defendants COUNTY and CATHEDRAL CITY.

60. Plaintiff is informed and believes and thereon alleges that the above-described customs and policies were the moving force behind the violations of Plaintiff's rights. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, Defendants COUNTY and CATHEDRAL CITY are liable for all of the injuries sustained by Plaintiff as set forth above.

61. As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiff sustained general damages, including pain and suffering, in an amount in accordance with proof.

62. Due to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees. Plaintiff is entitled to recovery of said fees pursuant to 42 U.S.C. § 1988.

## VIII.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CAL. CIVIL CODE § 52.1 (BANE ACT)

### By Plaintiff Against Defendants COUNTY and CATHEDRAL CITY

63. Plaintiff incorporates by reference the allegations in paragraphs 1-62, as set forth above.

64. All of the individual defendants and DOES 1 through 100, acting within the course and scope of their duties as employees of Defendants COUNTY and CATHEDRAL CITY, caused the injuries to Plaintiff described herein.

65. Pursuant to California Government Code § 815.2, Defendants COUNTY and CATHEDRAL CITY are liable for the acts, omissions, and conduct of their employees, including the individual defendants and DOES 1 through 100, whose negligent conduct was the cause of Plaintiffs injuries.

66. The conduct of Defendants constituted interference with the exercise of enjoyment

by Plaintiff of rights secured by the Constitution and laws of the United States, and/or secured by the Constitution and laws of the State of California, including the constitutional right to be protected while in custody and the right to be free from affirmative state conduct that put Plaintiff in danger.

67. As a direct result of Defendants' conduct, Plaintiff's rights pursuant to California Civil Code § 52.1 were violated, causing injuries and damages in an amount to be proven at the time of trial.

68. Due to the to the conduct of Defendants, and each of them, Plaintiff has been required to incur attorneys' fees and will continue to incur attorneys' fees. Plaintiff is entitled to recovery of said fees pursuant to California Civil Code § 52.1.

## IX.

## SIXTH CAUSE OF ACTION

**VIOLATION OF CAL. GOV. CODE §§ 844.6, 845.6 (FAILURE TO SUMMON IMMEDIATE MEDICAL CARE)**

**By Plaintiff Against All Defendants**

69. Plaintiff incorporates by reference the allegations in paragraphs 1-68, as set forth above

70. Pursuant to California Government Code §§ 844, 844.6, and 845.6, a public employee and the public entity where the employee is acting within the course and scope of employment is liable for injury proximately caused to a prisoner if the employee knows or has reason to know that the prisoner is in need of immediate medical care and fails to take reasonable action to summon such medical care.

71. Under these statutes, a "prisoner" includes an inmate of a jail or correctional facility, and a lawfully arrested person who is brought into a law enforcement facility for the purpose of being booked becomes a prisoner, as a matter of law, upon his or her initial entry into a jail or correctional facility, pursuant to penal processes.

72. Government Code § 845.6 authorizes a cause of action against a public entity for its employees' failure to summon immediate medical care.

73. Defendants knew or had reason to know that the Plaintiff was seriously injured in a head-on car accident that left her face bloodied and bruised, and needed immediate medical care for a potential head injury. Despite knowing this, Defendants failed to take reasonable action to summon immediate care for Plaintiff's head injury/concussion.

74. As a direct and legal consequence of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain to incur in the future, losses, injuries, and damages. Plaintiff will request leave of Court to determine the total amount of damages once the same as been ascertained.

## X.

## SEVENTH CAUSE OF ACTION

## NEGLIGENCE

**By Plaintiff Against Defendants VALDEZ, TORRES; VILLALOBOS, ELENES, MICHEL, ROSE, SULTAN, ARREOLA, CASTRO and DOES 1 - 100**

75. Plaintiff incorporates by reference the allegations in paragraphs 1-74, as set forth above.

76. Under Government Code § 844.6, a public employee is liable for injuries proximately caused by his negligent or wrongful act or omission.

77. At all relevant times, the individual Defendants and DOES 1 through 100 owed Plaintiff, as an individual in their custody, a duty of care not to injure or harm Plaintiff. This duty encompassed a legal duty to provide Plaintiff with reasonable protection against foreseeable risks of harm.

78. Defendants, through their acts and omissions as described above, breached their aforementioned duty owed to Plaintiff. Said acts and omissions included failing to provide Plaintiff with medical care for her concussion/head injury while she was at the jail, and releasing Plaintiff from jail while concussed and intoxicated, during the dark early morning hours in a dangerous and high-crime area, without glasses, a phone, or a means of transportation.

79. As a direct and proximate result of Defendants' acts and omissions as described above, Plaintiff suffered pain, suffering, and physical injuries. Defendants' acts and omissions

were substantial factors in causing Plaintiff's injuries.

80. As a direct and legal consequence of the aforesaid carelessness of Defendants, and each of them, Plaintiff has sustained and incurred, and is certain to incur in the future, losses, injuries, and damages. Plaintiff will request leave of Court to determine the total amount of damages once the same as been ascertained.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1. For general damages in an amount to be ascertained in accordance with Code of Civil Procedure §§ 425.10 and 425.11;
2. For all medical and incidental expenses according to proof;
3. For all loss of earnings according to proof;
4. For exemplary and punitive damages against the individual defendants in an amount according to proof;
5. For other losses in an amount according to proof;
6. For attorneys' fees under California Civil Code §§ 52 and 52.1, California Code of Civil Procedure §1021.5, and/or any other applicable provision of law;
7. For costs of suit incurred herein;
8. For prejudgment interest and other interest as provided by law; and
9. For such other and further relief as the court shall deem just and proper.

## JURY TRIAL DEMANDED

PLEASE TAKE NOTICE that Plaintiff hereby demands trial by jury in the above-entitled action.

DATED: June 3, 2024

GLICKMAN & GLICKMAN,
A LAW CORPORATION

By_____
STEVEN C. GLICKMAN
NICOLE E. HOIKKA
Attorneys for Plaintiff
BROOKE EGGER

15
**COMPLAINT FOR DAMAGES**